UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER LEE SUSTAYTA,

    Petitioner,

v.                                              CASE NO: 8:04-CV-2014-T-30EAJ
                                                       Crim. Case No: 8:02-cr-229-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent(s).
_____/

# ORDER

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) filed on December 20, 2002, Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #9), and Petitioner's Traverse to the Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #11) . Petitioner challenges the sentence imposed following his 2002 conviction for a drug-related offense. The court has reviewed the arguments and the prior proceedings in the underlying criminal case and concludes that this motion is due to be summarily denied.

## Discussion

Petitioner, Christopher Lee Sustayta (hereinafter referred to as "Sustayta" or "Petitioner") pled guilty to Count Two of an Indictment charging him with intent to distribute

50 grams or more of methamphetamine in violation of 18 U.S.C. §§841(a)1, and 841(b)(1)(B)(viii). Sustayta was sentenced on December 20, 2002, to a term of one-hundred and forty four (144) months imprisonment. Subsequently, on December 21, 2002, the Court entered Judgment against Petitioner. Petitioner did not file a notice of appeal. Sustayta filed the instant § 2255 motion on September 1, 2004 (Dkt. 1).

> Title 28 U.S.C. § 2255 provides, in pertinent part, that:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). This law amended 28 U.S.C. §2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

## I.   Timeliness

Since Petitioner did not file a timely notice of appeal, for purposes of calculating the one-year statute of limitation for his §2255 petition, his Judgment of conviction became final on December 31, 2002, ten (10) days after it was entered. See Fed. R. App. P. 4(b)(1). Applying the AEDPA provisions to Petitioner's §2255 motion, the Court finds that it does not survive the bar created by the one-year limitation period and is thus time-barred.

Sustayta acknowledges that his §2255 motion is time-barred, but argues that he is entitled to equitable tolling of the limitations period because of "extraordinary circumstances" beyond his control, to wit: "he actively pursued his judicial remedies with what the court considered a defective vehicle to attack his illegal sentence" (Dkt. 11 at 3), and "the United States Attorney's office although with no legal obligation to forward the motion filed by Sustayta to the Clerk of the Court, it was not ethical to keep it and stay silent about it (Dkt. 11 at 3)."

The motion filed by Petitioner on June 11, 2004, was not a §2255 motion to set aside his sentence, but a Motion for Specific Performance of an Agreement seeking to enforce an alleged agreement with the government. This Court denied that motion on July 1, 2004. Petitioner's motion cannot be substituted for a §2255 filing, and it would be no excuse for not filing a §2255 Motion to Vacate within the appropriate period of time.

While the Eleventh Circuit has held that an extension of time to file a §2255 motion is warranted if extraordinary circumstances beyond a prisoner's control make it impossible to file a motion on time, see Sandvick v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999), it has also held that equitable tolling is only available in circumstances that are both beyond a petitioner's control and unavoidable with diligence. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

Petitioner has not met the burden to allow equitable tolling of the limitations period. Equitable tolling does not apply "to what is at best a garden variety claim of excusable neglect." Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (quoting Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)). Equitable tolling is not warranted, as in the current case, where petitioner simply failed to "exercise due diligence in preserving his legal rights".   See Irwin at 96.

**II. Waiver**

Even if the petition were not time barred, it would be denied because Petitioner waived his right to attack his sentence on the grounds that he asserts in his petition**.** As a condition of Petitioner's plea, the right to appeal his sentence, either directly or collaterally, was waived except to the extent that the sentence imposed an upward departure from the sentencing guidelines, was in excess of the statutory maximum, or was in violation of the law apart from the sentencing guidelines. Sentence appeal-waivers are valid  if made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). A defendant's waiver of the right to appeal "directly of collaterally" encompasses his right to challenge his

sentence in a § 2255 proceeding. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). The grounds raised by petitioner in the instant case do not come within the exceptions identified in his plea agreement, and are therefore waived.

In his reply, Petitioner tries to fit his argument within an exception when he, for the first time, contends that his sentence was in excess of the statutory maximum. Petitioner claims Booker applies to his case and the sentence given by this Court was not based on facts found by a jury or admitted by him. The law relied on by petitioner does not support his proposition. The Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S. Court. 738 (2005), that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. Booker at 752-55. However, petitioner's conviction was final on December 31, 2002, ten (10) days after it was entered. Booker does not apply retroactively to cases, such as petitioner's, that were final prior to the Booker decision. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Even if Booker were to apply retroactively to Petitioner's case, it would offer no benefit. Contrary to Petitioner's assertions in his response brief, Petitioner admitted in his plea agreement to being in possession of 142.2 grams of methamphetamine at his primary residence, and possessing an additional 285.5 grams of methamphetamine in a leased vehicle at the time of his arrest. Sentences based on admitted facts do not violate Booker. See U.S. v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

## **Conclusion**

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2004\04-cv-2014.deny 2255.wpd